```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


WILLIAM FREEMAN,                    )    CASE NO. 1:07 CV 1301
                                    )
        Petitioner,                 )    JUDGE DAN AARON POLSTER
                                    )
    v.                              )
                                    )    MEMORANDUM OF OPINION
STATE OF OHIO,                      )    AND ORDER
                                    )
        Respondent.                 )
```

On May 3, 2007, petitioner pro se William Freeman filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Freeman is a pretrial detainee confined at the Cuyahoga County Jail, with the following pending charges: rape (13 counts), gross sexual imposition (12 counts), kidnapping (12 counts), attempted rape (3 counts), and disseminating matter harmful to juveniles. See Cuy. Cty. Case No. CR-06-476211-A, at cpdocket. cp.cuyahogacounty.us/p_CR_CaseSummary.aspx. He asserts his counsel has been ineffective, and that his $250,000 bond is excessive. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United

States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

Considerations of federalism counsel strongly against exercising the power to consider the merits of habeas corpus claims prior to final judgment of conviction in the state court. Exhaustion of available state remedies is required absent the most extraordinary circumstances. <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 489-91 (1973). Nothing set forth in the petition reasonably suggests such circumstances are present here.

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

<u>/s/Dan Aaron Polster 6/28/07</u>
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE